ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona
ERICA L. SEGER
Assistant U.S. Attorney
Arizona State Bar No. 022681
405 W. Congress St., Suite 4800
Tucson, AZ 85701-5040
Tel. (520) 620-7300
Fax (520) 620-7320
erica.seger@usdoj.gov
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Uriel Gonzalez-Perez,<br><br>　　　　Defendant. | CR18-0033-001-TUC-JAS (EJM)<br><br>Plea Agreement |

The United States of America and the defendant, Uriel Gonzalez-Perez, agree to the following disposition of this matter:

### PLEA

The defendant agrees to plead guilty to Count One of the Superseding Indictment, charging the defendant with a violations of Title 18, United States Code, Sections 371, 922(a)(6) and 924(a)(2), Conspiracy to Commit False Statement in Connection with Purchase of Firearms, a felony offense. The government agrees to dismiss the remaining counts of the Indictment at the time of sentencing.

### ELEMENTS OF THE CRIME

The essential elements of **Conspiracy** are that:

(A) First, from a date unknown until on or about December 7, 2017, there was an agreement between two or more persons to commit at least one crime as charged in the indictment; and

(B) Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

The essential elements of **False Statement in Connection with Purchase of Firearm** are that:

(A) The defendant knowingly made a false oral or written statement, or furnished or exhibited any false, fictitious or misrepresented identification, to a federally licensed firearms dealer;

(B) The false statement or misrepresented identification was made in connection with the acquisition or attempted acquisition of a firearm; and

(C) The statement was intended or likely to deceive such firearms dealer with respect to a fact material to the lawfulness of the sale of the firearm to the defendant.

## STIPULATIONS, TERMS AND AGREEMENTS

The defendant understands the guilty plea is conditioned upon the following terms, stipulations, and requirements:

### Maximum Penalties

The defendant understands and agrees that the maximum penalty for the offense to which he is pleading are a fine of $250,000, a maximum term of ten (10) years imprisonment, or both, and a maximum term of three (3) years supervised release.

The defendant agrees to pay a fine unless the defendant establishes the applicability of the exceptions contained in § 5E1.2(e) of the Sentencing Guidelines.

Special Assessment: The defendant understands that in accordance with Title 18, United States Code, Section 3013, upon entry of judgment of conviction, there shall be assessed a $100.00 special assessment for each felony count.

## Immigration consequences

The defendant recognizes that pleading guilty may have consequences with respect to his immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which the defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is the defendant's automatic removal from the United States.

## Agreement Regarding Sentencing:

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties agree that the below stipulated sentencing ranges, based on the defendant's criminal history (CH), are an appropriate disposition of this case:

(1) 46 months imprisonment if the defendant is in CH category I;

(2) 51 months imprisonment if the defendant is in CH category II;

(3) 57 months imprisonment if the defendant is in CH category III;

(4) 70 months imprisonment if the defendant is in CH category IV;

(5) 84 months imprisonment if the defendant is in CH category V;

(6) 92 months imprisonment if the defendant is in CH category VI.

**The government agrees not to argue the applicability of an enhancement under U.S.S.G. § 3B1.1.**

**The parties also agree that the sentence imposed in CR18-0033-001-TUC-JAS shall be served concurrently to any sentence imposed in CR18-00230-TUC-JGZ.**

The above stipulated sentencing ranges are based on U.S.S.G. §§ 2K2.1:

3

| | |
|---|---|
| Base Offense Level (§ 2K2.1(a)(6)) | 14 |
| 2K2.1(b)(1)(B) | +4 |
| 2K2.1(b)(5) | +4 |
| 2K2.1(b)(6)(A) | +4 |
| Acceptance (§ 3E1.1(a)) | -3 |
| Total Adjusted Offense Level | 23 |

The defendant may withdraw from the plea agreement if he receives a sentence in excess of the stipulated sentence based upon Probation's calculation of the defendant's criminal history score and category.

The defendant understands and agrees that this plea agreement contains all the terms, conditions and stipulations regarding sentencing. If the defendant requests or if the Court authorizes any reduction of sentence, either by departure or variance, not specifically agreed to in writing by the parties, the government may withdraw from the plea agreement.

If the Court departs from the terms and conditions set forth in this plea agreement, either party may withdraw.

If the Court, after reviewing this plea agreement, concludes any provision is inappropriate, it may reject the plea agreement and allow the defendant an opportunity to withdraw the defendant's guilty plea, all pursuant to Rule 11(c)(5) and Rule 11(d)(2)(A), Fed. R. Crim. P.

The defendant understands that if the defendant violates any of the conditions of the defendant's supervised release, the supervised release may be revoked. Upon such revocation, notwithstanding any other provision of this agreement, the defendant may be required to serve an additional term of imprisonment or the defendant's sentence may otherwise be altered.

The defendant and the government agree that this agreement does not in any manner restrict the actions of the government in any other district or bind any other United States Attorney's Office.

### Disclosure of Information to U.S. Probation:

The defendant understands the government's obligation to provide all information in its file regarding the defendant to the United States Probation Office.

The defendant understands and agrees to cooperate fully with the United States Probation Office in providing:

a. All criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines.

b. All financial information, i.e., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

c. All history of drug and alcohol abuse which would warrant a treatment condition as part of sentencing.

d. All history of mental illness or conditions which would warrant a treatment condition as part of sentencing.

### Reinstitution of Prosecution:

If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court in a later proceeding, the government will be free to prosecute the defendant for all charges as to which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated. In such event, the defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as to the delay occasioned by the later proceedings.

### Waiver of Defenses and Appeal Rights:

The defendant waives any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the information or indictment, or to the petition to revoke, or to the Court's entry of judgment against the defendant and imposition

of sentence upon the defendant providing the sentence is consistent with this agreement. The defendant further waives: (1) any right to appeal the Court's entry of judgment against the defendant; (2) any right to appeal the imposition of sentence upon the defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack the defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack. The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging her conviction or sentence in this case. If the defendant files a notice of appeal or a habeas petition, notwithstanding this agreement, the defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether the defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement. This waiver shall not be construed to bar or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)) or a claim by the defendant of ineffective assistance of counsel.

### Plea Addendum

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in separate documents and may be filed with the Court under seal. Accordingly, additional agreements, if any, may not be in the public record.

### WAIVER OF DEFENDANT'S RIGHTS AND FACTUAL BASIS

### Waiver of Rights

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions. I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and

refuse to be a witness against myself by asserting my privilege against self-incrimination -- all with the assistance of counsel -- and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence.

My guilty plea is not the result of force, threats, assurances or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions.

I fully understand that, if I am granted probation or placed on supervised release by the court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that, if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve an additional term of imprisonment or my sentence may otherwise be altered. I agree that any Guidelines Range referred to herein or discussed with my attorney is not binding on the court and is merely an estimate.

I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney), and specifically any predictions as to the guideline range applicable, that are not contained within this written plea agreement are without force and effect and are null and void.

I am satisfied that my defense attorney has represented me in a competent manner.

I am fully capable of understanding the terms and conditions of this plea agreement. I am not now on or under the influence of any drug, medication, liquor, or other intoxicant

or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

### Factual Basis

I agree that the following facts accurately describe my conduct in connection with the offense to which I am pleading guilty; and, that if this matter were to proceed to trial, the government could prove the elements of the offense beyond a reasonable doubt based on the following facts:

> From a date unknown but through December 7, 2017, I coordinated and agreed with my co-defendants to fraudulently acquire firearms. That is, I would provide direction and money to the other co-defendants who would purchase firearms and provide them to me. I also purchased firearms using their information from on-line federal licensed firearms dealers and would coordinate with them to pick up the weapons. I knew that my co-defendants were indicating on the ATF Form 4473 that they were the actual purchaser of the firearms, which was false and material to the lawfulness of the sale.
>
> Specifically, on October 21, 2017, in Sierra Vista, ERIKA MICHELLE DAVIDSON purchased a firearm from a federally licensed firearms dealer, and represented that she was the actual purchaser of the firearms when in fact she was acquiring the firearms on my behalf. I provided ERIKA MICHELLE DAVIDSON directions for the purchase of the firearms, the funds for the purchase of the firearms.
>
> On October 20, 2017, I purchased two firearms from Bud's Gun Shop, an on-line federally licensed firearms dealer using ERIKA MICHELLE DAVIDSON's information. On October 26, 2017, in Sierra Vista, in connection with picking up the firearms, ERIKA MICHELLE DAVIDSON represented that she was the actual purchaser of the firearms when in fact she was acquiring the firearm on my behalf. I provided ERIKA MICHELLE DAVIDSON directions for the purchase of the firearms and the funds for the purchase of the firearms.
>
> On November 15, 2017, at my direction, ERIKA MICHELLE DAVIDSON purchased a firearm from Bud's Gun Shop, an on-line federally licensed firearms dealer. On November 21, 2017, in Sierra Vista, in connection with picking up the firearm, ERIKA MICHELLE DAVIDSON represented that she was the actual purchaser of the firearm when in fact she was acquiring the firearm on my behalf. I provided ERIKA MICHELLE DAVIDSON directions for the purchase of the firearm and the funds for the purchase of the firearm.
>
> On October 2, 2017, I, using ROSSANY GRACIA's name and payment information, purchased two firearms from iAmmo.com, an on-line federally licensed firearms dealer. On December 2, 2017, in Sierra Vista, in connection with picking up the firearms, ROSSANY GRACIA represented that she was the actual purchaser of the firearms when in fact she was

acquiring the firearms on my behalf. I reimbursed ROSSANY GRACIA the funds for the purchase of the firearms.

On October 2, 2017, at my direction, ERIKA MICHELLE DAVIDSON purchased a firearm from iAmmo.com, an on-line federally licensed firearms dealer. On December 4, 2017, in Sierra Vista, in connection with picking up the firearm, ERIKA MICHELLE DAVIDSON represented that she was the actual purchaser of the firearm when in fact she was acquiring the firearm on my behalf. I provided ERIKA MICHELLE DAVIDSON directions for the purchase of the firearm and the funds for the purchase of the firearm.

On December 7, 2017, at my direction, ROSSANY GRACIA purchased a firearm from Apocalypse Arms, a federally licensed firearms dealer in Sierra Vista. On that same day, in Sierra Vista, in connection with purchasing the firearm, ROSSANY GRACIA represented that she was the actual purchaser of the firearm when in fact she was acquiring the firearm on my behalf. I provided ROSSANY GRACIA directions for the purchase of the firearm, the funds for the purchase of the firearm and transported her to the federally licensed firearms dealer to pick up the firearm.

The firearms that were fraudulently obtained include:

- One Glock Model 17, 9x19 pistol, s/n BCNX776
- One Keltec Model PMR-30 .22 caliber pistol, s/n WWLB47
- One Beretta Model 92, 9mm pistol, s/n M86646Z
- One Remington Model 783, .270 caliber rifle, s/n RA16260A
- One FN Herstal model 57 5.7x28 pistol, s/n 386329010
- One FN Hertsal 5.7mm pistol, s/n 386329413
- One FN Hertsal 5.7mm pistol, s/n 386329416
- One Glock 42, .380 caliber pistol, s/n ABWC684

I would transport these weapons to Mexico and would be paid for the purchase and the transportation of the weapons across the border. Additionally, I also purchased other gun parts including .50 caliber Browning Machine Gun links and M4 drum magazines and transported these items to Mexico.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE.

9-6-18
Date

Uriel Gonzalez-Perez
Defendant

9

## DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client, in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible and Defendant's waiver of his right to appeal. I have further discussed the sentencing guideline concept with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or by any of its representatives which are not contained in this written agreement.

I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

9/6/18
Date

Molly Kincaid, Esq.
Attorney for the defendant

## GOVERNMENT'S APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

9/6/18
Date

ERICA L. SEGER
Assistant U.S. Attorney